# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2010

Charles R. Fulbruge III
Clerk

No. 09-30502
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WALTER BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CR-149-2

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Walter Brown was charged in a multi-count indictment. Among the charges was a drug trafficking conspiracy in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of that drug trafficking offense in violation of 18 U.S.C. § 924(c). Brown pled guilty to both offenses. He received a 120-month sentence on the drug trafficking conviction and a consecutive 60-month sentence on the firearm conviction. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his sole issue on appeal, Brown argues that his guilty plea on the firearm count was not entered into knowingly. His argument is based on the district court's misstatement when explaining the elements of the offense. The judge said that the Government had to prove a conspiracy to use, rather than the actual possession of, a firearm in furtherance of the drug trafficking offense.

Brown did not object to this error in the district court, and we review it only for plain error. *See United States v. Vonn*, 535 U.S. 55, 58 (2002). For error to be plain, it must be clear and affect the appellant's substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Error affects the appellant's substantial rights when "the outcome of the district court proceedings" is affected. *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)). The discretion to correct the error should be exercised by the appellate court only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *Olano*, 507 U.S. at 736).

Though the district court once misstated the offense on the record, the court had correctly stated the charge earlier in the same hearing. The district court also correctly stated that Brown faced a statutorily mandated sentence of between five years and life in prison. The plea agreement, the pre-sentence report, and the indictment all listed the correct charges against Brown. Before the district court, Brown verified that he read and understood the plea agreement he had signed, he indicated that he read the pre-sentence report and had no objection to it, and he waived reading of the indictment and affirmed that he had gone over it with his attorney. Defense counsel stated that he had explained the charges to Brown and that Brown understood the charges against him.

Brown has not shown by a reasonable probability that, but for the district court's error, he would not have pled guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

AFFIRMED.